U.S.A. v. United States U.S.A. v. United States Good morning, your honors retourno My name is Randy Rucker, and I am here on behalf of Plaintiff Appellant, home Depot. I have counsel from home Depot here with me Mr. Joel Rogers and my partner Kathy Murphy. We're here on a tariff classification appeal, your honors, and we're here to talk about a product that we call DORNOPs. I brought demonstrative exhibit, which might also be called locks, right? Yes, so we we acknowledge that some folks may call a doorknob a lock. It's primarily focused on the functionality. Ok, so what we've done is, pardon the pun, tried to key in on the primary issues in this case. We say this case is about doorknobs and whether doorknobs are operated locks. This is the language that you'll find in heading 8301. Heading 8302 doesn't include the word doorknobs, but if you look to the explanatory notes of 8302, that's the place you'll find the word doorknobs. It doesn't appear in any other explanatory note or language of the tariff. Is a doorknob a doorknob, or is it a lock? Your honor just identified that today, it's a lock. It has to be a key-operated lock to fall in heading 8301. Yours are key-operated locks, right? I'm sorry, your honor? Your product is key-operated, is it not? No, it's not. What does that mean? Because it doesn't throw the bolt? That's correct, your honor. So that's why I think this demonstrative exhibit is so important. So I understand though, for your merchandise, you need a key in order to lock or unlock the doorknob, right? No, I don't. You don't need a key? If you turn around and you look at these... To unlock it from the outside, you need a key. To operate the locking mechanism from the outside, if it's locked. If I walk up to the door, I say, what am I going to do with this key? I'm going to unlock the lock, right? That's correct. You're going to put it in the unlocked state. Right. It's not operating the doorknob mechanism. Okay, well... And that's the distinction, your honor. It's a key functionality that's relevant here, relates to the tariff language. And the tariff language is key-operated lock. There are a variety of indicators that help us differentiate between 8301 and 8302, because they both cover door fasteners. So if you reject your contention that key-operated means that it has to throw a bolt, then it's a key-operated lock, right? If you reject the contention that it has to throw the bolt, then yes, that's correct. And that's what the lower court interpreted. They created additional ambiguity in the tariff, rather than clarifying the specific language that exists between 8301 and 8302. I don't understand your answer to Judge Dyke's question, because I thought your position was that while you think that this is not the lock in your product, is not a key-operated lock, nonetheless, the doorknob, even though it has perhaps a key-operated lock in it, is nonetheless a doorknob that simply incidentally happens to have a lock in it. And it therefore is under 8302, not 8301. No, that's correct, your honor. Well, but the answer you just gave to Judge Dyke, I think perhaps I misunderstood. And maybe I misunderstood. But I thought you were saying, if you lose on key-operated lock, that is to say, if we conclude that your product has a key-operated lock, then 8301 applies. Okay. My apologies, your honor. What I should have said is, and I thought you had said, if you determine our product is a key-operated lock, it goes in 8301. That's what I thought your question was. Yes, we lose on that. If you determine it's a key-operated lock- If it is a key-operated lock- If it is. As opposed to having a key-operated lock within the doorknob. Correct. Which you would say, nonetheless, fits within 8302. Correct. Yes. So that, very well put, your honor. And thank you for that clarification. But if I could clarify further, you would still contend, of course, your merchandise fits under 8302. But would you also be agreeing then that it also fits under 8301? And so therefore, we would have to move on to GRI 3? Right. And that's a great point, your honor. So to get to 8301 for our product, you have to go to GRI 3. But just to understand what I think you agreed in part with Judge Dyke's question, you would agree that if we see that your merchandise has a key-operated lock, that you would agree that it fits under 8301, but nevertheless, it also fits under 8302. Is that what you're saying? Or do you have some other argument against why the merchandise does not fit under 8301? Well, there's several. Actually, there's many arguments why it wouldn't fit under 8301. As I mentioned, you've got to distinguish between the fasteners that go in 8301, the door fasteners, 8301, and 8302. 8301 only covers these types of door fasteners. Okay? And we talked about that. He froze to bolt. That's your position. Well, but you're back to the key-operated lock argument. Yes. We're predicating this question. I think all three of our questions were predicated on the notion that perhaps we don't agree with you that your product does not have a key-operated lock. If we so conclude, the question is, is there any argument that this should not be treated as a composite? Well, I think to get to 8301, you've got to consider it as a composite. It's got the keyed cylinder, but you look at these other products, they don't. They're all the same. They're the same basic form, function, and use. That's what you need to look at. Do they have the form, function, and use of a doorknob? Yes. Every one of them does. You add a keyed cylinder, and it's this simple component. I brought one with me just to make sure I remind myself what we're talking about. We're talking about locking cylinders added to a doorknob. To your Honor's point, that becomes GRI 3. Well, how does that fit within 8302? It fits within 8302. Because 8302 seems to be talking about doorknobs separate from locks. Well, that's an interesting point, your Honor. We already have precedent from the Canadian International Trade Tribunal that says that's not the case, and that's persuasive precedent here. We acknowledge it's not binding. We acknowledge, but it's persuasive international precedent. Put that aside. Why isn't 8302 talking about doorknobs that are parts of locks rather than locks that include doorknobs? Well, it may be talking about both, your Honor. I don't think there's a distinction in the explanatory notes that gets you to the point to say it's just doorknobs. And let's take it a step further. The doorknobs themselves are just components. But there's no suggestion in the explanatory note, is there, that they're talking about the complete assembly of the doorknob and the lock. Well, they talk about latches. A doorknob's a latch. By primary function, design, and use, it's a door latch. Latches are covered specifically in the 8302 ENs, but the lower court failed to acknowledge that. Not only that, as we point out, a definition of latch exists. Several definitions that say a latch is a doorknob that has a key operation on one side and a locking mechanism on the other. By definition, then our product falls in 8302 as a latch. Not addressed by the lower court. That's addressed in the wiser case. So you're not contending it falls under the doorknob thing because it has a latch? Well, your Honor, there's no dispute in this case that doorknobs fall. Wait, wait, wait, wait, wait. You can't that it falls within 8302 because it's a doorknob with a lock. You're saying it falls within the definition of latch? What I'm saying is it's a doorknob, and there's no dispute that doorknobs are classified in 8302. You can ask defendant's counsel. He'll acknowledge that. Passage version, or passage function, privacy function, there's no dispute that they fall in clearly within 8302. Well, but if it were a doorknob with what you would, even you would concede was a key operated bolt, then it would not fall within 8302, correct? A key operated bolt is specifically excluded. Well, if it's a doorknob with a key operated bolt. There's no such thing, your Honor. Well, but suppose I invented one tomorrow. Okay. Then so that I could open the and lock the door with a key and it would throw a bolt. Yes. That would not be within 8302, I take it? That's correct. And I have to apologize. I misspoke, your Honor. There are products like that. In fact, our expert testified to that. I thought so. Yeah. There are types of doorknobs where the key will move the bolt. That's not what is at issue here. And you've picked up on exactly what the distinction is. But that would not be within 8302 then? No, they would not because the key would move the bolt. If you look at- It seems to me that we're coming back to the throwing the bolt as being the key distinction here. Yes, and it is, your Honor. And I accept your pun. I'm a little keyed up about this. This is what the key does. It just moves and activates or deactivates the locking mechanism. If you lost the key, did they throw away the doorknob? No. It still functions. It still latches the door. That's its primary design function and use. That's it. A deadbolt, you don't have the same luxury. If you lost the key for this double-keyed deadbolt, guess what? Useless. Does not lock anything. That's the distinction. Mead tells us, your Honor, from this very court, we have to differentiate with a fine point here. 8301 has limiting language. Key-operated locks. Not all locks. Call our product a lock if you like. Locks can go in 8302 as well. Suppose I have a lock that is an electronic-driven lock. And I have a key. And I stick the key in. I twist the key. And instead of the key itself physically turning the bolt, the key touches an electronic contact, which throws a solenoid that throws the bolt. Is that a key-operated lock? Your Honor, that's a very technical question. Well, but it's important to me because I really am trying to get a handle on what your concept of a key-operated lock is. Right. So that, unfortunately, is beyond the scope of this case. We don't have any electronic locks. Personally, I don't understand how an electronic lock works. If that were before the court, then the same analysis that we're talking about here, where the electronic has to throw the bolt, would be an interpretation. Because we recognize that there's other adjectives in the parenthetical that precedes the term lock. Combination, electronic. So presuming that it's an electronic lock, the electronics would have to throw the bolt. Propel, withdraw the bolt, just like the key does. If it was a combination, it would be the same thing. Think about a gym lock or padlock. When you twist the numbers, you get to a point where it catches. And you turn the combination dial, and it actually retracts the bolt. Let me make sure that we're on the same page with respect to one question of terminology. In the subject product, the tongue that either comes out and goes through the strike plate or retreats is considered a bolt, correct? Yes, this is a deadbolt. Well, I know that's a deadbolt. But looking down at your product, the tongue that comes out is a bolt, right? It's a latch bolt. A latch bolt, but it's nonetheless a bolt. Is that the way you use the term? Because it's not a key-operated bolt. It doesn't operate by key. It's a bolt, right? A latch bolt. It's different. Deadbolt, key-operated bolt. I understand how the deadbolt works, but go ahead. I understand what you're saying. Yes, they do both contain the word bolt, but it's not the type of bolt that's referenced in the ENs that's excluded. A latch has to have a bolt, because latch is put in the explanatory notes without the word bolt. The explanatory note says the bolt is excluded. It doesn't say that the lock without a bolt is excluded. It says key-operated bolts are excluded. That's the only exclusion. That's this product. Here's the fine line. Mead tells us we've got to differentiate with a fine point. That's it. It's not referring to the product. It's referring to the piece, which is a bolt. Well, Your Honor, with all due respect, you're not going to have a fastener without a bolt. These are all door fasteners. Some could be in 8302. Some could be in 8301. We've got to distinguish. What is your understanding of explanatory note D7, where it talks about knobs for doors, including those four locks or latches? Well, my understanding is that it's expansive to what's covered by 8302, in that it interprets what goes in that heading includes doorknobs. I need to be a little more specific with my question. I think what I'm looking for from you is an answer as to what the expression four locks or latches means. Does that mean that it can be used with a lock, or that it contains a lock in the form in which it's sold? Well, we would consider it. We interpret it to be the latter. We acknowledge that the language is not artfully drafted and leaves us with a bit of interpretation, but we have some guidance. The guidance being that there's no question that an entirety of a doorknob goes in 8302. So let's just look at it this way. Let's say it's just parts for Your Honor's assumption here. Latches are also included. We've got some samples here that show what's in these products. They're mounted here so you can see the operation, because we respectfully assert that the operation is critical. But if you look at what's in here, you've got an interior knob. You've got an exterior knob. 8302 D7 provides for those at a minimum. I think we all would agree, okay? Now, whether it includes the entirety doorknob, there's an argument, and they disagree. We say it does. Latch mechanism in the middle. That's 8302 D2. Put them all together, you get 8302. It doesn't add up to 8301. I'm curious. What does it say on the packaging on the front? Keyed entry. All right. And I would reference that the lower court identifies that in some instances we reference the term lock with respect to these goods, but it's not the only time we reference any word. In fact, when you look at on the website itself. So, Mr. Rutter, I think we're out of time here. We'll give you two minutes for a bottle. Okay. Thank you, Your Honor. May it please the court. With me is Mark Matthews from Customs. May it please the court. The trial court correctly classified the imported goods under a GRI-1 in totality as keyed locks. They looked at the actual GRI-1. They looked at the headings and the terms of those headings, and they also looked at the heading 8302. Heading 8301 is padlocks and locks, key combination or electrically operated base metal. And what we have is exactly that. It's a keyed entry lock. The court went into the definition, and that's the common meaning of what the terms in the heading are. And the court found that a lock, using a definition that was offered by Home Depot in their brief, a device for securing a door, gate, lid, drawer or the like in the position when closed consisting of a bolt or a system of bolts propelled and withdrawn by a mechanism operated by a key, dial, etc. So what we have is the entry lock, when it's locked and on the outside, it uses a key to operate the lock. The court said, well, let's take a look at what operate is. And operate means to perform a function or to produce an appropriate effect. So the key is having an effect. The key has the effect of unlocking that knob, which when you turn the knob retracts the latch bolt. And that is what a lock is. And it operates in one direction, but not the other, I take it, in the subject product. You can unlock, but you can't lock with the key. You can lock the... When the door closes, the spring automatically throws the latch bolt into... But you're not using the key for purposes of locking. However, you can lock the knob from the outside. On this product, you can lock from the outside? Yes. Okay. All right. And then you could unlock that knob too and retract and thereby retract the bolt, the latch bolt. Okay. So when you're outside, these are exterior doors. If you look at the exterior door equipment, if you look at Home Depot's website materials, they say that these are locks, residential locks, exterior door locks, ANSI grade three, which ANSI grade three goes to performance and security locks. So this is the type you would find on the exterior door. If you don't have the key and the key's locked, you can't get through that door. You can't unlock it without that key. They don't ever refer to the merchandise as door knobs? In certain instances, they likely do refer to them as door knobs, but what they are, are keyed entry locks. And as a package... Well, I know that's your position, that they are key entry locks. But the problem I come to is I look at these products, I think about these products, and what I see is some kind of integrated composite good. It's a door knob with a lock, or it's a lock that also is a door knob. We have both things going on here, and we have two sides trying to basically negate the one piece that they prefer to ignore, and that's where I'm troubled. The focus I'd like you to talk more about is 8302, and the possibility of these goods also fitting under 8302, especially when we think about the explanatory note 8302-D7. Yeah, start with what the CIT said, and the CIT's analysis was quite brief. Some might even say conclusory. So can you build up for me why my instant reaction to reading D7 would encompass door knobs integrated with locks? Why is that wrong? Your Honor, to address your point that 8301 does encompass the entirety of this product. I'm more interested in your thoughts about 8302, specifically how to understand explanatory note 8302-D7. Yes, Your Honor. And why my instinct that it covers door knobs integrated with locks is wrong. Your Honor, 8302 is also an EO nominee provision, base metal mountings, fittings, and similar articles suitable for furniture, doors, staircase, windows. While the court didn't delve into the meaning of these terms, we assume that the court used their common meanings. So Home Depot is arguing that these fit in within 8302 because they fit in within what the ENs refer to as door knobs. The door knob is not the entire reference to what this article is. This article is more than that. And the court went through per CamelBak to look at whether something has more functionality. I guess the question is looking at this explanatory note. And we talked a bit with Mr. Rucker about this, is whether the explanatory note is talking about the importation of knobs that could be used with locks or whether it's talking about knobs that include locks. Well, I think as a lower court below noted, D7 recognizes the fact that knobs can be coming in or imported separately. And they're not associated with what the parent product is. And therefore the parent product could either just be a knob for a passage lock or passage latch or something else. So, but 8302 would cover a knob that's imported separately that could be used with a lock, right? I'm sorry, can you repeat? 8302 under this explanatory note would include a door knob that is imported separately that could be assembled after importation together with a lock. If it was unrecognizable upon import that it belongs with the parent item that is the lock, then yes. Well, I'm not sure I understand that. Are you reading, how do you read explanatory note D7? It seems to me that there's one way to read that explanatory note which says knobs for doors, including those four locks is to read it as knobs for doors, including those with locks. The preposition is for, which is a little ambiguous as Judge Dyke's question indicates. But why isn't that fairly read to mean with? Well, first the explanatory notes are guidance. I know, I know. Let's get right to the language of that explanatory note and tell me why that isn't a sensible reading of that explanatory note. They also don't refer to keyed locks. So, first of all, these are. I'm getting really confused. Just back up a moment. In answer to my question that if you imported a door knob that was separate from the lock, even though it could be used together with the lock, it would be under 8302, correct? If it's not, upon importation, if it's not associated or if it can't be understood. If it's not imported together with the locking mechanism, even though it could be later assembled together with a locking mechanism, it's under 8302, right? It would be under 8302 if there's nothing on that importation shows that it's to be assembled with a lock, it would be under 8302. Okay. So, there are two possible interpretations of this explanatory note. One is that it's saying a door knob that's imported separately from the lock is within 8302, even though it could later be assembled together with a lock, or it could mean that the door knob with a lock at the time of importation is within 8302. Do you understand the difference between those two? Yes, I do. Okay. So, which is it? I think that's what we've been focusing on. It's not that a doorknob with a keyed lock can come in under 8302. A doorknob with a key, a doorknob that is part of a keyed lock is a lock system as a whole is in 8301. I think... I'm lost as to how you want us to understand the words in EN 8302 D7. What... How do you want us to think about it? I understand Judge Bryson's proposed conception of the meaning of 8302 D7. I don't quite understand yours yet. Your Honor, the... Can you give me an example? Maybe give me an example instead of an abstract definition. There... We have been discussing the example of a entry coming in that's just a doorknob that can't be associated with its parent item. And that's what the lower court... But what does that mean, can't be associated with its parent item? What does that mean? If it's not known to be part of a keyed entry lock at the time of importation, that it could be just a passage latch, then it would be in 8302. So, a simple doorknob. A simple doorknob, yes. But 8302 D7 talks about for locks and latches. Well, it could also be a simple... A privacy lock, which isn't a keyed lock. No, but it says... I think the problem that you're having trouble addressing is it says, including those for locks or latches. So, it seems as though this provision would cover some doorknobs that are used with locks. And I don't quite understand your suggestion that if at the time of importation, it looks as though it's later going to be assembled together with a lock, that it's not within 8302. Wouldn't this suggest there are only two meanings? One, either that if the doorknob is imported separately, it's within 8302. If it's imported together with a locking mechanism, it's within 8301. Or alternatively, that even when it includes the locking mechanism, it's within 8302. You don't read it that way. No, I don't read it that when it includes locking mechanism. So, what do we make out of the language including those for locks or latches? Well, I don't think it's any more than what the lower court stated it was. Because the ENs in 8302 are guidance. And it's the language of the... What does the language mean? Why include that language? Well, we also know that it also includes D2, which says other than key operated bolts of heading 8301, which is exactly what the entry locking system is here. Well, you would like to believe that, but we're not so convinced. That's your position. I understand. Of course, that's your position that these are merely just bolts. And then therefore, they under 8301. But we're back to trying to figure out what this final clause in 8302 D7 means. And that's why I'm searching for a definition from you or an example from you. So, I can clarify in my mind, what does the government think this means? It's here for a reason. We all have to answer for it. You have to answer for it. We have to answer for it. We have to have a rational explanation of what this means. I've heard one provided this morning, and that was in the hypothetical presented by Judge Bryson. I'm looking for a second one. Your Honor, the fact that on importation, the doorknob could come in and it can't be associated with this parent article, that is one understanding of it. The fact that it could come in with... What would an example of that be? If the importation is just a doorknob coming in and it has a hole, it could be associated with perhaps a passage, a privacy lock, which is not a keyed lock. It would be looked at and classified likely under 8302 because it can't be associated with the parent item. So, if hypothetically, the merchandise we have here, the importer broke up the package and just imported the doorknob, the big hole in it, and then the strike plate latch assembly and all that, but without the actual interior locking component, then you would say, oh, okay, that's what 8302 D7 is trying to cover when you break up the entire set of components and you import the interior locking portion separately from all the other stuff. Then that is what the authors of this were thinking about. Is that your position? Similarly, but not quite, Your Honor, because I'm not saying that... Your hypothetical seemed to show that eventually it is associated with a... It's separated out and will somehow come together later. We're saying that on importation, it's not known at all because there's no indication that it's going to be put together with a lock or whether it's not going to be... I mean, a keyed lock. That would put it in 8302, in your view? When that is looked at at that point, and that would probably go into 8302, but once again, these are ENs. These are not... We understand that point, but we are interested in seeing what this guidance actually tells us. That's the reason we're focusing on this because in this whole set of both the tariff and the ENs, this is the most specific information we have before us. So we're trying to pin down exactly what it means. And I'm having trouble figuring out exactly what your position is with respect to that issue. And to say it's... When this says it's four locks, suggests that the good, when it comes in, there is a contemplation that it will be used with a lock, but nonetheless be within 8302. So I'm having trouble when you say, well, if it's not associated with a lock, what does that mean? That's where I'm running aground. Your Honor, when it says... Under the understanding that ENs are guidance... We do have that understanding, trust us. If we're seeing that four locks, then it could be hypothetically for a privacy lock, which is not a keyed lock. So that wouldn't fit in under 8301 at all. But what this item is, is a keyed entry lock. In effect, I should read the word, including those four privacy locks into D7. That could be one understanding in addition to the fact that it possibly couldn't be associated with a keyed lock or otherwise when it came in. Okay. So the court also looked at... When it looked at 8302, it said under... Does it have more functionality or how is it known in the industry and how is it marketed? And the factors that are in Camelback to see if it has more functionality than what is in 8302. And the court looked at the American ANSI standards 156.2 and looked at what they describe as the entry lock system. And the court noted that it is describing an article that is exactly what this entry lock is. So why shouldn't we, as in Camelback view, this is a composite and then look to what its essential character is? As the lower court noted and correctly, that this locking mechanism has multiple components working together to securely lock the door. So as a whole, it's described in 8301. The complete product is described in 8301. But it has many of the functions of a doorknob that doesn't have a lock, which is that it secures the door, not lock, but secures the door. It's a device by which you can move the door by pulling it or pushing it. So it has doorknob features. Looks like a doorknob. Why isn't it a composite? It's not a composite because you can have multiple components, but if they're described in whole by one GRI, then it's under GRI one. I understand that, but why isn't it fair to say that this is not described in whole as a lock because it has all the features that a doorknob has, which is that it can pull the door open, push the door closed, and latch the door when it's in an unlocked posture? Because GRI one is an EONOMINE, or 8301 is an EONOMINE provision for all forms of locks. Now, all forms of locks can include a keyed entry door lock as a form of one form of a lock. There are many other forms of locks, but it describes as a whole this lock. EONOMINE 8301 covers that. The Canadian Tribunal found that this merchandise is under 8302, right? Yes, Your Honor. Can you remind me why it found that it didn't fit within 8301? Your Honor, I believe the Canadian Tribunal focused on the ENs, and I think that's where the error that they did. They didn't focus on the terms of the headings and the terms of the headings 8301. And to do a sort of a bottom-up analysis by looking at the ENs before looking at the headings, I think that's the fault of the Canadian Tribunal's decision. But they also interpreted the ENs differently than the way you did, right? Correct, Your Honor. Okay, I think we're out of time. Thank you, Your Honor. Thank you, Mr. Kenney. I ask that it be affirmed. Okay, we got that. Mr. Rucker, you have two minutes. Thank you, Your Honors. Well, we certainly covered a lot of ground there, so let me do my best to try to sum up in the limited time I have. One thing I want to correct Defendant's counsel on is that 8301 is not an AO-nominated provision that covers all forms of locks. In fact, that's 8302. 8301 only covers key operated locks. We have to look at the entirety of the statute to get the context of what these two provisions mean. 8302 is an AO-nominated provision, just like 8301. We talked a little bit about Camelback and some of the features that you might look at to determine what goes... Your view is that 8302 covers locks where the key doesn't throw the bolt, right? Where the key doesn't operate the bolt, correct. Where it propels or retracts the bolt. That's correct. So basically all forms of locks except key operated locks go in 8302. That's what the language tells us. When we're looking at AO-nominated provisions, we need to give meaning to all the terms. There's four terms that are critical here, Your Honors. Key, operated, lock, and let's not forget the word similar in 8302. Two types of door knobs undisputedly classified in 8302. What's similar? The keyed entry knob. Let's go through the factors real quick. What are the similarities in this adjust in generis analysis? Does it have an interior knob? Yes. Exterior knob? Yes. Latching mechanism? Yes. Locking function that some door knobs, we already agree, may have? Yes. Is it used to latch or fasten the door? Yes. Does it provide something to grasp and turn to open and close a door and allow a person to go through? Yes. Those are all the functions of door knobs in the adjust in generis analysis. Our product has every one. No limiting characteristics exist. Our product is classifiable in 8302. To summarize, if you will, Your Honors. Both headings cover door fasteners. Fastening by door hardware is accomplished by the operation of the bolt. That's why bolt is referenced in the ENs. That's why key operated references the bolt. Only door hardware operated by the key falls in 8301. And that is what operation? The bolt. The lower court got that definition wrong, Your Honors. We respectfully assert that it needs to be corrected. Just to make sure I understand your position. If we reject your argument with respect to key operated bolt, do you agree that this is a composite? If you reject our interpretation, yes. Your interpretation of key operated bolt? Yes. Because Gallagher and Asher, we didn't talk about that yet. Gallagher and Asher from the Customs Court in the U.S. says adding a keyed cylinder to a product doesn't change its character. So when we're talking about character, we're talking about boom, no locking cylinder, boom, locking cylinder. Same product, just a distinction of a minimal nature. That's significantly in excess? No, it's not. Gallagher and Asher said, hey, gas cap, locking gas cap, still a gas cap. Okay. Doorknob. Thank you, Mr. Rucker. If I may, Your Honor, may I just? Okay. Thank you, Your Honors. We respectfully request that you reverse the lower court grand summary judgment in favor of Home Depot, barring that. Okay, Mr. Rucker, we're out of time. Thank you. Thank you, Your Honors. Thank both counsel. The case is submitted.